UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| THERESA J. SUESS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 4:13-CV-51-TLS |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Theresa J. Suess, a *pro se* Plaintiff, filed a Complaint pursuant to 42 U.S.C. § 1983 [ECF No. 1]. She also filed an Application to Proceed Without Prepayment of Fees and Affidavit (*in forma pauperis*) [ECF No. 2]. For the reasons set forth below, the Plaintiff's Application is **DENIED**, and the Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff contends that she receives approximately $660 per month in disability payments. Based on this income information, it appears that she is financially eligible for *in forma pauperis* status.

The inquiry does not end there, however. District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In evaluating whether a complaint is frivolous for purposes of the *in forma pauperis* statute, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 325. This includes allegations that are "fantastic" or "delusional." *Id.* at 328.

Here, the Plaintiff alleges that the Central Intelligence Agency (CIA), along with other governmental agencies and actors, including the President, have joined a conspiracy to torment her, which began when she was a graduate student in Indianapolis in the late 1980s. The conspiracy has allegedly continued to and including the present date, and includes among other things, the CIA putting electrodes on her body, threatening to murder her, putting radio devices in her pets, and hiring "20-something-year olds, mostly female," who "interrupt my thinking, [and] try to influence and disrupt my positive thoughts and behavior." She indicates that mental health professionals have diagnosed her with schizoaffective disorder, although she disagrees with this diagnosis. Among other relief, she seeks $97 million in damages, and also requests that the Court "reopen" a California family court case in which she lost custody of her daughter.

Upon review, the Court concludes that the Plaintiff's allegations are implausible and fantastical. Accordingly, the Complaint will be dismissed as frivolous. *See Neitzke*, 490 U.S. at 325; *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773 (7th Cir. 2002) (affirming dismissal of complaint as frivolous where the plaintiff alleged that over a span of three years, multiple guards at three different prisons left his cell door unlocked at night while he was sleeping so that other inmates could come in his cell and assault him); *see also Schottler v. Wisconsin*, 388 F. App'x 547 (7th Cir. Jul. 28, 2010) (affirming dismissal of complaint as frivolous, where plaintiff alleged that someone had inserted a metal pin in his head and various state officials and police officers had purposely ignored his pleas for help); *Lawrence v. Interstate Brands*, 278 F. App'x

3

681, 684 (7th Cir. May 22, 2008) ("Lawrence's allegations—that the Illinois legal system is controlled by the Ku Klux Klan and that a vast network composed of lawyers, judges, and his former employers have conspired over the past 20 years to deny him equal protection of the laws, harass him on the basis of his race, and defraud him—are frivolous under this standard.").

The Court is mindful of the Seventh Circuit's concern that when a complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2), if there is no opportunity to amend "an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend," which negatively impacts "fair access to the courts." *Luevano v. Wal-Mart Stores, Inc.*, No. 11-1917, 2013 WL 3599156, at *6 (7th Cir. July 16, 2013). Here, however, there is no reason to believe that the frivolous factual allegations could be remedied through more specific pleading; they are inherently frivolous. Accordingly, the Complaint is dismissed with prejudice and without leave to amend. *See, e.g. Denton*, 504 U.S. at 34 (recognizing that where it appears that frivolous factual allegations could be remedied through more specific pleadings, a court of appeals should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend); *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (stating that *Denton* recognized that dismissals under materially identical predecessor to § 1915(e)(2)(B) on grounds of frivolousness could be with prejudice); *Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (finding that the district court did not abuse its discretion in concluding through a screening of the plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) that the plaintiff's fantastic and delusional allegations lacked any arguable basis in fact and that an amendment would be futile).

4

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Plaintiff's Application to Proceed Without Prepayment of Fees [ECF No. 2], and **DISMISSES WITH PREJUDICE** the Complaint [ECF No. 1] as factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk will enter judgment accordingly.

SO ORDERED on July 24, 2013.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION
